**Jarvis Kemp MITCHELL and Gary Dwight Garrett, Plaintiffs In Error,**

**v.**

**The STATE of Oklahoma, Defendant In Error.**

**No. A–16936.**

Court of Criminal Appeals of Oklahoma.

Dec. 16, 1971.

Guy Fitzsimmons, Sapulpa, for plaintiffs in error.

Larry Derryberry, Atty. Gen., Nathan J. Gigger, Asst. Atty. Gen., for defendant in error.

BUSSEY, Presiding Judge.

Jarvis Kemp Mitchell and Gary Dwight Garrett, hereinafter referred to as defendant Mitchell and defendant Garrett, were charged and tried in the District Court of Creek County, Oklahoma for the offense of robbery with firearms, after former conviction of a felony. They were convicted of robbery with firearms. Their punishment was fixed at thirty (30) years imprisonment, and from said judgment and sentence, a timely appeal has been perfected to this Court.

Briefly stated, the evidence at the trial adduced that on September 28, 1970, the Kemp's Drug Store in Bristow was robbed.

Three witnesses, who were present in the drug store, testified that the defendant Mitchell came into the store, exhibited a pistol and demanded the hard narcotics and money. After obtaining the narcotics and money from the cash register, the defendant herded them into a back room and told them to lie down on the floor. He stated that he would shoot them if they raised their heads. As defendant Mitchell shut the front door, one of the employees called the police. Max Kemp, the owner of the store, identified certain exhibits as narcotics that were given the defendant and placed in a box.

Assistant District Attorney, Steven Foster, testified that on the day in question he was driving down Main Street, when he noticed an automobile parked in the Mayor's parking place. He next observed a man walking quickly toward the car, carrying a large box. The vehicle pulled out in front of Foster's car at a high rate of speed and headed east. Foster attempted to follow the vehicle and was able to obtain a tag number. He returned to the police station and gave a description of the vehicle and the tag number to a dispatcher, who put the description over the air.

Officer Newells testified that after hearing a description of the vehicle on his police radio, he observed the vehicle about a quarter of a mile out of Bristow. He turned on his red light and siren and pursued the car until it stopped; the defendant Garrett got out of the car, and Officer Newells attempted to handcuff the subject. In doing so, the officer looked up and observed defendant Mitchell raise up from the back seat with a double-barrel shotgun. The officer fired at defendant Mitchell and shortly thereafter, other police officers arrived.

Police Chief Hall testified that he aided in the search of the defendant's vehicle and observed a box containing narcotics on the front floor board and a pistol under the driver's seat.

Defendant Mitchell testified that on the afternoon in question he was with defendant Garrett. They stopped at the drug store, and he told defendant Garrett that he was going in after some cough syrup. Mitchell admitted robbing the store, and testified that defendant Garrett did not know that he was going to commit a robbery. He testified that he got in the car and told defendant Garrett to get going, wherein defendant Garrett said, "Oh, my God, what did you do?" He testified that as the police unit was following them, defendant Garrett wanted to stop, but he insisted that they continue. He testified that after the officer stopped the car and was attempting to handcuff defendant Garrett, he decided to give up and he raised his arms. He testified that the shotgun was in the crook of his arms, and the next thing he knew the officer was firing at him. The defendant admitted that he had previously been convicted of felonies.

Defendant Garrett testified that he was with defendant Mitchell and that they stopped at a drug store to get cough syrup. Defendant Mitchell returned with a box in his hand and said, "Let's go." When the officer turned on the red light, he wanted to stop, but the defendant Mitchell insisted that they go on. He denied any knowledge that defendant Mitchell was going to commit a robbery. He admitted previous felony convictions in the state of Texas.

■ We observe that the evidence of the defendants' guilt is clear; however, because of the holdings by the United States Supreme Court in Carnley v. Cochran, 369 U.S. 506, 82 S.Ct. 884, 8 L.Ed.2d 70, and Burgett v. Texas, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319, both the judgments and sentences must be modified. The judgments and sentences are accordingly modified to reflect terms of twenty (20) years imprisonment, and as so modified, the judgments and sentences are affirmed.

BRETT, J., concurs.